IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTINA PATTON, | § | |
| | § | |
|    Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| v. | § | |
| | § | 3:13-CV-2402-M |
| ADESA TEXAS, INC., ANESIA LONG, | § | |
| AND LUCIANNA AYCOCK, | § | |
| | § | |
|    Defendants. | § | |

### PLAINTIFF'S MOTION TO REMAND, AND BRIEF IN SUPPORT

                                            MATTHEW R. SCOTT
                                            Texas Bar No. 00794613
                                            JOE KENDALL
                                            Texas Bar No. 11260700
                                            JAMIE J. MCKEY
                                            Texas Bar No. 24045262
                                            **THE KENDALL LAW GROUP**
                                            3232 McKinney Avenue, Suite 700
                                            Dallas, Texas  75204
                                            214-744-3000 / 214-744-3015 (Facsimile)
                                            **ATTORNEYS FOR PLAINTIFF**

# TABLE OF CONTENTS

I.     Introduction ...........................................................................................................................1

II.    Procedural History ................................................................................................................1

III.   Arguments and Authorities ...................................................................................................2

      A.   Standards Governing Removal Jurisdiction..............................................................2

      B.   Adesa's Fraudulent Joinder Contentions Are Meritless ...........................................2

      C.   Patton's Common Law Claims Are Against Long and Aycock, Not Adesa ...........3

      D.   Patton's Statutory Claims Against Adesa Rely on Different Facts Than Her Common Law Claims Against Long and Aycock ............................................4

      E.   Adesa Has Failed to Show Patton Could Never Prevail on Her Slander Claims Against Aycock and Long .............................................................................6

      F.   Adesa Has Failed to Show Patton Could Never Prevail on Her Tortious Interference With Existing Contract Claim Against Aycock and Long ..................7

      G.   Adesa's Removal Was Objectively Unreasonable; This Court Should Award Fees and Costs..................................................................................................10

IV.    Conclusion ..........................................................................................................................11

V.     Prayer ..................................................................................................................................12

# TABLE OF AUTHORITIES

## Federal Cases

*Alexander v. Grand Prairie Ford L.P.*,
    2007 U.S. Dist. LEXIS 39438 (N.D. Tex. May 31, 2007) ..................................................4

*Carey v. Bank of Am., NA*,
    904 F. Supp. 2d 617 (N.D. Tex. 2012) ..............................................................................2

*Carrillo v. Tree of Life, Inc.*,
    1999 U.S. Dist. LEXIS 23413 (W.D. Tex. Sept. 29, 1999)................................................3

*Claybaugh v. Bank of Am., NA*,
    2013 U.S. Dist. LEXIS 45341 (N.D. Tex. Mar. 29, 2013) ...............................2, 3, 7, 8, 10

*Jackson v. Wal-Mart Stores Tex., LLC*,
    --- F. Supp. 2d ---
    2013 U.S. Dist. LEXIS 33627 (N.D. Tex. Feb. 25, 2013).................................................2

*Martin v. Franklin Capital Corp.*,
    546 U.S. 132 (2005).........................................................................................................10

*Martin v. Kroger Co.*,
    65 F. Supp. 2d 516 (S.D. Tex. 1999) .................................................................................4

*Richard v. Time Warner Cable Media, Inc.*,
    --- F. Supp. 2d ---
    2013 U.S. Dist. LEXIS 80818 (N.D. Tex. June 10, 2013) ...............................................10

*Riverwalk Holdings, Ltd. v. Guancione*,
    2013 U.S. Dist. LEXIS 1637 (N.D. Cal. Jan. 4, 2013) ....................................................10

*Valdes v. Wal-Mart Stores*,
    199 F.3d 290 (5th Cir. 2000) ...........................................................................................10

*Willy v. Coastal Corp.*,
    855 F.2d 1160 (5th Cir. 1998) ..........................................................................................2

*Woldetadik v. 7-Eleven, Inc.*,
    881 F. Supp. 2d 738 (N.D. Tex. 2012) ..............................................................................4

## State Cases

*Carr v. Brasher,*
    776 S.W.2d 567 (Tex. 1989) ............................................................................................10

*Fluor Enters, Inc. v. Conex Int'l Corp.,*
    273 S.W.3d 426 (Tex. App.—Beaumont 2008, no pet.) ......................................................8

*Moore v. Waldrop*
    166 S.W.3d 380 (Tex. App.—Waco 2005, no pet.) ............................................................6

*Randall's Food Mkts., Inc. v. Johnson,*
    891 S.W.2d 640 (Tex. 1995) ..............................................................................................9

*Waffle House, Inc. v. Williams,*
    313 S.W.3d 796 (Tex. 2010) ..........................................................................................3, 4

## Statutes and Rules

28 U.S.C. § 1441(a) ........................................................................................................................2

28 U.S.C. § 1445 ............................................................................................................................2

TEX. R. CIV. P. 45(b) .......................................................................................................................7

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| CHRISTINA PATTON, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. |
| v. § | |
| § | 3:13-CV-2402-M |
| ADESA TEXAS, INC., ANESIA LONG, § | |
| AND LUCIANNA AYCOCK, § | |
| § | |
| Defendants. § | |

### PLAINTIFF'S MOTION TO REMAND, AND BRIEF IN SUPPORT

**I.**

**INTRODUCTION**

This action should be remanded to state court because there is a lack of compete diversity between Plaintiff Christina Patton and Defendants. Defendant Adesa Texas, Inc.'s argument that Defendants Anesia Long and Lucianna Aycock were fraudulently joined to destroy diversity fails because Patton has legitimate claims against both Long and Aycock that are not precluded by Patton's statutory claims against Adesa. None of Adesa's cited authorities support its contention that, to a legal certainty, Plaintiff cannot succeed on any of her claims against Long and Aycock.

**II.**

**PROCEDURAL HISTORY**

Patton filed this action on May 17, 2013, alleging claims against Adesa for race and color discrimination in violation of the Texas Commission on Human Rights Act (TCHRA). Patton also asserted claims for slander, defamation, tortious interference with existing contracts, and conspiracy against Long and Aycock. On June 24, 2012, Adesa removed this case alleging complete diversity of citizenship. In doing so, Adesa argued the Court should ignore the

citizenship of Long and Aycock because their joinder was fraudulent and done solely to destroy diversity.

### III.

### ARGUMENTS AND AUTHORITIES

A.   **Standards Governing Removal Jurisdiction**

A party may remove an action from state court to federal court if it is one over which the federal court possesses original subject-matter jurisdiction, subject to Congress' prohibition on the removal of certain actions.[1]  The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper.[2]

Removal jurisdiction raises significant federalism concerns; therefore, the removal statutes are strictly construed in favor of remand.[3]  Any doubts regarding whether removal jurisdiction is proper are resolved against federal jurisdiction.[4]

B.   **Adesa's Fraudulent Joinder Contentions Are Meritless**

To establish Long and Aycock were fraudulently joined, Adesa must show "(1) actual fraud in the pleading of jurisdictional facts, or (2) [the] inability of the plaintiff to establish a cause of action against the non-diverse party in state court."[5]  Adesa does not contend actual fraud in Patton's jurisdictional facts; instead, it alleges Patton's common law claims against Long and Aycock are untenable as a matter of law.

---

[1] 28 U.S.C. § 1441(a), 28 U.S.C. § 1445; *Jackson v. Wal-Mart Stores Tex., LLC*, --- F. Supp. 2d ---, ---, 2013 U.S. Dist. LEXIS 33627, at *2 (N.D. Tex. Feb. 25, 2013) (Godbey, J.).

[2] *Carey v. Bank of Am., NA,* 904 F. Supp. 2d 617, 619 (N.D. Tex. 2012) (Boyle, J.) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1998)).

[3] *Jackson*, --- F. Supp. 2d at ---, 2013 U.S. Dist. LEXIS 33627, at *2.

[4] *Carey*, 904 F. Supp. 2d at 619.

[5] *Claybaugh v. Bank of Am., NA*, 2013 U.S. Dist. LEXIS 45341, at *4 (N.D. Tex. Mar. 29, 2013).

---

"A claim of fraudulent joinder must be pleaded with particularity, supported by clear and convincing evidence, and proven *with certainty*."[6]  "A party seeking to remove an action to federal court on the basis of fraudulent or improper joinder bears a heavy burden."[7]  To establish fraudulent joinder, Adesa must demonstrate "that there is *no possibility* of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[8]

### C.     Patton's Common Law Claims Are Against Long and Aycock, Not Adesa

Adesa contends that, as a matter of law, Patton cannot succeed on her slander, defamation, or tortious interference with existing contract claims against Long and Aycock, because the Texas Supreme Court's decision in *Waffle House, Inc. v. Williams*[9] bars those claims *as a matter of law*.  According to Adesa, the supreme court effectively precluded all claims against individual employees when there are statutory employment discrimination claims available against the employer.[10]  From this, Adesa contends Long and Aycock were fraudulently joined, thereby rendering this case removable based on complete diversity of citizenship.  Adesa reads far too much into *Waffle House*, and ignores the clearly distinguishing facts of this case.

Adesa contends the supreme court has held, "Where the gravamen of a plaintiff's case is [a] TCHRA-covered [claim], the Act forecloses common-law theories predicated on the same

---

[6] *Carrillo v. Tree of Life, Inc.*, 1999 U.S. Dist. LEXIS 23413, at *6 (W.D. Tex. Sept. 29, 1999) (quotation omitted) (emphasis added).

[7] *Claybaugh*, 2013 U.S. Dist. LEXIS 45341, at *2-3.

[8] *Id.* at *4-5 (emphasis added).

[9] *Waffle House, Inc. v. Williams*, 313 S.W.3d 796 (Tex. 2010).

[10] Not. of Removal at 5.

underlying []facts."[11]  Adesa is partially correct, but it misstates the supreme court's holding in *Waffle House*.  While it is true that conduct forming the basis of a statutory TCHRA claim against an employer cannot also form the basis of common law negligence claims against the same employer,[12] that rule only applies to the *employer*; there is nothing in *Waffle House* that in any way bars Patton from asserting intentional torts against individuals.  Indeed, the plaintiff in *Waffle House* never brought any claims against individual employees.[13]

There is no case law supporting Adesa's position that Patton is barred, as a matter of law, from bringing common law intentional tort claims against Long and Aycock simply because she has statutory claims against Adesa.[14]  Only by misstating the holdings of its cited authorities can Adesa make this claim.[15]

**D.    Patton's Statutory Claims Against Adesa Rely on Different Facts Than Her Common Law Claims Against Long and Aycock**

Adesa is also incorrect in arguing the facts upon which Patton rests her statutory claims against Adesa are the same as those she relies upon to support her common law claims against

---

[11] Not. of Removal at 5.

[12] *Waffle House*, 313 S.W.3d at 809 ("The gravamen of Williams' complaint is sexual discrimination in the form of a hostile or abusive work environment, a wrong the TCHRA was specifically designed to remedy.").

[13] *Id.* at 803 ("The issue before us, however, is not whether Williams has a viable tort claim against a coworker.").

[14] Adesa's citation to *Woldetadik v. 7-Eleven, Inc.*, 881 F. Supp. 2d 738, 743-44 (N.D. Tex. 2012) and *Alexander v. Grand Prairie Ford L.P.*, 2007 U.S. Dist. LEXIS 39438, *35-36 (N.D. Tex. May 31, 2007), are also misplaced. Again, there, the plaintiffs alleged only claims against the former employer; neither Patton advanced any claims against any individuals.

[15] Adesa's citation to *Martin v. Kroger Co.*, 65 F. Supp. 2d 516 (S.D. Tex. 1999) is equally faulty.  There, the district court granted the individual supervisor summary judgment because the court concluded the plaintiff had failed to adduce evidence to support his tortious interference with contractual relationship claims.  *Id.* at 562.  Only in dicta did the court suggest that the plaintiff's tortious interference with contract claims might be untenable as a matter of law, and then only insofar as it was "a restatement of her employment discrimination claim . . . ."  *Id*. Here, Patton's claims against Long and Aycock are based on their false and defamatory statements that Patton was a racist.  While the TCHRA may bar certain claims against employers, the TCHRA does not immunize lies told by their employees.

Long and Aycock.[16]  Patton alleges Adesa discriminated against her because of her race and color by terminating her employment after two black subordinates alleged she made racial remarks.[17]  Patton alleges had she been white, Adesa would not have taken this action.[18]  Thus, Patton alleges Adesa discriminated against her because of race and color.[19]

At the same time, Patton alleges Long and Aycock conspired to slander and defame Patton by falsely calling her a racist.[20]  Patton also alleges Long and Aycock intentionally interfered with Patton's at-will employment contract with Adesa.[21]  Finally, Patton also alleges Long and Aycock continued to slander Patton *after* Patton was terminated from Adesa's employment.[22]

While the facts of the claims against Adesa certainly intertwine with the facts of the claims against Long and Aycock, it cannot be said that the "gravamen" of Patton's claims are against Adesa, nor can it be said the gravamen of the facts against Adesa are the gravamen of the facts against Long and Aycock.  Indeed, Patton alleges Long and Aycock continued to slander her after she was terminated from Adesa.  Adesa's contentions are simply wrong.

Further evidence that Adesa's arguments fail is the fact that had Patton so chose, she could have sued Long and Aycock alone, and not named Adesa at all.  Patton could state valid common law claims against Long and Aycock without ever mentioning Adesa.  Unlike the plaintiff in *Waffle House*, who could not have relied on the facts giving rise to her statutory

---

[16] Not. of Removal at 5.

[17] Pl.'s Orig. Pet. at 4.

[18] Pl.'s Orig. Pet. at 4, ¶ 24.

[19] Pl.'s Orig. Pet. at 4.

[20] Pl.'s Orig. Pet. at 4, ¶¶ 18-19.

[21] Pl.'s Orig. Pet. at 4, ¶¶ 18 and 25.

[22] Pl.'s Orig. Pet. at 4, ¶ 26.

claims against Waffle House to support claims against the individual harasser (even though no such individual was ever sued), here, Patton's common law claims easily stand on their own.

### E. Adesa Has Failed to Show Patton Could Never Prevail on Her Slander Claims Against Aycock and Long

Citing *Moore v. Waldrop*,[23] Adesa misstates the standards for defamation claims—it sets forth the standards for defamation *per se* but mislabels them the standards for defamation *per quod*.[24] The law in Texas is as follows:

> A defamatory oral statement may be slander *per se* or slander *per quod*. If a statement is slander *per quod*, the plaintiff must present proof of actual damages. If the statement is slander *per se*, no independent proof of damage to the plaintiff's reputation or of mental anguish is required, as the slander itself gives rise to a presumption of these damages. To be considered slander *per se*, the statement must (1) impute the commission of a crime; (2) impute contraction of a loathsome disease; (3) cause injury to a person's office, business, profession, or calling; or (4) impute sexual misconduct.[25]

In any event, Adesa would have this Court hold, as a matter of law, that being called a racist is not capable of producing injury. Modern-day events clearly call the wisdom of this contention seriously into question.[26]

What is more, Adesa contends Patton cannot succeed on her slander claims—again, as a matter of law—because Patton's "allegations are based on hearsay . . . ."[27] Adesa misapprehends the difference between success on the merits, and the potential for success on the

---

[23] *Moore v. Waldrop*, 166 S.W.3d 380 (Tex. App.—Waco 2005, no pet.).

[24] Not. of Removal at 7.

[25] *Moore*, 166 S.W.3d at 384 (citations and quotations omitted).

[26] *See* http://www.vibe.com/article/paula-deen-fired-food-network-issues-apology-racist-comments; http://www.wfaa.com/news/local/dallas/Dallas-911-Operator-Investigated-for-Racist-Facebook-Posts-210320951.html; http://www.wtsp.com/video/1505592503001/1/Radio-host-Sileo-fired-over-racist-comment.

[27] Not. of Removal at 9.

---

merits. At this pleading stage,[28] Patton has had no benefit of discovery from anyone. Should Patton be unable to uncover evidence to support her claims, then Adesa's arguments may ultimately win the day. But Adesa's argument here misses the point entirely—Adesa has not shown, and cannot show, "that there is no possibility of recovery by [Patton] against [Long or Aycock] . . . ."[29] Indeed, it would be impossible at this stage of the action for this Court to predict there is no chance Patton could ever recover on her common law claims against Long and Aycock.[30]

F.     **Adesa Has Failed to Show Patton Could Never Prevail on Her Tortious Interference With Existing Contract Claim Against Aycock and Long**

Likewise, Adesa fails to establish to a legal certainty that Patton could never recover on her tortious interference with existing contract claim against Long and Aycock. To begin, Adesa cites the standards for such claims as follows: "When a corporate agent is accused of interfering with the corporation's contract, the plaintiff must prove the agent acted willfully and intentionally, to serve her own personal interests at the corporation's expense."[31] Adesa then ignores the fact that this is precisely what Patton has alleged.[32]

Patton alleges "Long and Aycock's conduct was designed to slander and defame Patton, and to cost Patton her job, which it did."[33] If Patton alleges Long and Aycock's allegations of racist remarks were false and were done to cost Patton her job, it seems relatively clear Patton

---

[28] "That an allegation be evidentiary or be of legal conclusion shall not be grounds for objection when fair notice to the opponent is given by the allegations as a whole." *Claybaugh*, 2013 U.S. Dist. LEXIS 45431, at *9 (citing TEX. R. CIV. P. 45(b)).

[29] *Claybaugh*, 2013 U.S. Dist. LEXIS 45341, at *4-5 (quotation omitted).

[30] *Id.* (quotation omitted).

[31] Not. of Removal at 9-10.

[32] Not. of Removal at 10.

[33] Pl.'s Orig. Pet. at 4, ¶ 25.

---

alleges Long and Aycock's actions were done willfully, intentionally, and to serve their own personal interests.[34]

Adesa also argues Patton cannot succeed on this claim against Long and Aycock because Long and Aycock were "justified in interfering with" Patton's contract of employment with Adesa because they were exercising their "own legal rights . . . ."[35]  But again, the TCHRA does not immunize lies—there is nothing privileged about any employee making patently false statements with the goal being the termination of the employee's supervisor, simply because the supervisor issued the employee a write-up for being absent from work without excuse.  And, Adesa cites no case law to support its contention that lies are immunized by the mere existence of a statute.

Adesa cites *Fluor Enters, Inc. v. Conex Int'l Corp.*,[36] for the proposition that "even if Aycock and/or Long induced ADESA to discharge Patton for inappropriate conduct, inducing a third party to do what it had a right to do does not constitute tortious interference."[37]  This isolated snippet misstates the holding in *Fluor*, as Adesa omits from the opinion the limiting statement "ordinarily."[38]  Furthermore, what the court of appeals actually held was, for the plaintiff to succeed on its tortious interference with contract claim, the plaintiff had to prove the defendant knowingly induced one of the contracting parties to breach its obligations, and that the allegedly tortious conduct was done with the intent to cause a breach of the contract, or was done

---

[34] And again, Patton is given the benefit of the doubt as to the allegations in her Petition because she is only required to meet the Texas state court pleading standard, which is "more relaxed than the federal standard."  *Claybaugh*, 2013 U.S. Dist. LEXIS 45341, at *9.

[35] Not. of Removal at 10.

[36] *Fluor Enters, Inc. v. Conex Int'l Corp.*, 273 S.W.3d 426, 442 (Tex. App.—Beaumont 2008, no pet.).

[37] Not. of Removal at 10.

[38] "Ordinarily, merely inducing a contract obligor to do what it has a right to do is not actionable interference." *Fluor*, 273 S.W.3d at 442.

with the belief that a breach was substantially certain to result.[39] Again, that is precisely what Patton alleges here.

Patton alleges Long and Aycock intentionally lied to Adesa and told Adesa Patton made racist remarks about them.[40] This despite the fact that Patton was responsible for hiring both individuals. What is more, Adesa is flatly wrong when it contends Patton does not allege Long and Aycock's actions were done with the intent to cost Patton her job[41]—Patton specifically alleges "Long and Aycock's conduct was designed to slander and defame Patton, and to cost Patton her job, which it did."[42] Patton has stated a valid tortious interference with contract claim against Long and Aycock, and Adesa has completely failed to show there is no possible basis on which Patton could succeed on that claim.

Adesa cites no case law to support the leap it makes that Long and Aycock were justified in making patently false and scurrilous claims against Patton, knowing they were false, and knowing they were made for the sole purpose of costing Patton her job. It cites no case law because there is none; in fact, the law is quite to the contrary. Even assuming, *arguendo*, Long and Aycock were privileged to make their claims of racial discrimination against Patton, that privilege only extends insofar as Long and Aycock were not motivated by actual malice at the time the reports were made.[43] Actual malice refers not to ill will but rather to "the making of a

---

[39] *Fluor*, 273 S.W.3d at 442.

[40] Pl.'s Orig. Pet. at 4.

[41] Not. of Removal at 10.

[42] Pl.'s Orig. Pet. at 4, ¶ 25.

[43] *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995).

statement with knowledge that it is false, or with reckless disregard of whether it is true."[44] And again, that is precisely what Patton alleges here.

### G. Adesa's Removal Was Objectively Unreasonable; This Court Should Award Fees and Costs

Finally, Adesa's removal was objectively unreasonable. As such, this Court should exercise its discretion and order Adesa to pay Patton's "just costs and any actual expenses, including attorney fees, incurred as a result of" its improper removal.[45] Because the removal process "delays resolution of the case, imposes additional costs on both parties, and wastes judicial resources," it is proper to award fees and costs where, as here, "the removing party lacked an objectively reasonable basis for seeking removal."[46]

In removing this case to federal court, Adesa makes summary judgment arguments when addressing Patton's common law claims against Long and Aycock. However, this action is not at the summary judgment stage—it is at the pleading stage. "Under Texas law, the pleading standard is one of fair notice, which looks to whether the opposing party can ascertain from the pleading the nature and basic issues of the controversy and what testimony will be relevant at trial."[47] Adesa's arguments are simply unreasonable given the nature of Patton's common law claims against Long and Aycock, and Adesa's misplaced arguments why those claims are invalid *as a matter of law*. Because Adesa's removal was objectively unreasonable, an award of fees and costs is proper.

---

[44] *Carr v. Brasher*, 776 S.W.2d 567, 571 (Tex. 1989).

[45] *Richard v. Time Warner Cable Media, Inc.*, --- F. Supp. 2d ---, ---, 2013 U.S. Dist. LEXIS 80818, at *14 (N.D. Tex. June 10, 2013).

[46] *Riverwalk Holdings, Ltd. v. Guancione*, 2013 U.S. Dist. LEXIS 1637, at *7-8 (N.D. Cal. Jan. 4, 2013) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005)); *see also Valdes v. Wal-Mart Stores*, 199 F.3d 290, 293 (5th Cir. 2000).

[47] *Claybaugh*, 2013 U.S. Dist. LEXIS 45341, at *9 (quotations omitted).

IV.

CONCLUSION

Adesa's fraudulent joinder theory fails. Adesa has failed to meet its heavy burden of showing by clear and convincing evidence, proven with certainty, that there is no possibility Patton could recover on her slander, defamation, and tortious interference with contract claims against Long and Aycock. Upon modest scrutiny, Adesa's analyses of these claims fails as a matter of Texas law. Patton has every right under Texas law to bring such claims against Long and Aycock, and under Texas law, she is afforded every opportunity to prove them.

Furthermore, Adesa's removal was objectively unreasonable. Adesa's contention that Patton's common law claims against Long and Aycock fail as a matter of law is not simply erroneous, it is objectively meritless. For this reason, this Court should award Patton fees and costs.

## V.

## **PRAYER**

Plaintiff Christina Patton respectfully requests this Court grant her Motion to Remand, remand all Plaintiff's claims to state court, award Plaintiff her reasonable and necessary attorneys' fees incurred in filing this Motion to Remand, and award Plaintiff all legal or equitable relief this Court deems proper.

    Respectfully submitted,

    /s/ Matthew R. Scott
MATTHEW R. SCOTT
Texas Bar No. 00794613
JOE KENDALL
Texas Bar No. 11260700
JAMIE J. MCKEY
Texas Bar No. 24045262
**THE KENDALL LAW GROUP**
3232 McKinney Avenue, Suite 700
Dallas, Texas  75204
214-744-3000 / 214-744-3015 (Facsimile)
**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

  I certify that a copy of this document was forwarded to all counsel of record in this case through the Court's ECF system as of the date filed stamped thereon.

                /s/ Matthew R. Scott
                MATTHEW R. SCOTT