IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTINA PATTON, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 3:13-cv-2402 |
| ADESA TEXAS, INC., ANESIA LONG, and LUCIANNA AYCOCK, | § § § § | |
| Defendants. | § § | |

## DEFENDANTS' RESPONSE TO
## PLAINTIFF'S MOTION TO REMAND AND BRIEF IN SUPPORT

Defendants ADESA, Inc. ("ADESA"), incorrectly identified by Plaintiff as ADESA Texas, Inc., and Luciana Aycock ("Aycock"), incorrectly identified by Plaintiff as Lucianna Aycock (collectively, "Defendants"), ask the Court to deny Plaintiff's Motion to Remand ("Motion), and in support of this request, show as follows:

### OVERVIEW

Plaintiff improperly joined individual Defendants Anesia Long ("Long") and Aycock solely to defeat diversity jurisdiction. Long remains unserved by Plaintiff. In its Notice of Removal, and herein, Defendants have demonstrated there is no reasonable basis for this Court to predict Plaintiff might be able to recover against Long or Aycock, warranting denial of Plaintiff's Motion.

### ARGUMENTS AND AUTHORITIES

1. **PLAINTIFF INCORRECTLY CITES THE REMOVAL STANDARD.**

As an initial matter, Defendants note Plaintiff has failed to direct the Court to the controlling standard for removal established by the Fifth Circuit in *Smallwood v. Ill. Central R.R.*

---

*Co.*, 385 F.3d 568, 573 (5th Cir. 2004), and instead directs the Court to older case law from 1999 that predates the "improper joinder" standard. Motion, at p. 3. According to *Smallwood*, the correct standard is "that there is no *reasonable basis* for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.* (Emphasis added). This distinction is important because, according to the Fifth Circuit, "To reduce possible confusion, we adopt this phrasing of the required proof *and reject all others*, whether the others appear to describe the same standard or not. *Id.* (Emphasis added).

2. ***WAFFLE HOUSE* PREEMPTS ALL OF PLAINTIFF'S CLAIMS AGAINST LONG AND AYCOCK.**

Plaintiff contends the Texas Supreme Court's decision in *Waffle House v. Williams,* 313 S.W.3d 796 (Tex. 2010), preempts *only* common law claims *against an employer* where the gravamen of a plaintiff's case is a TCHRA-covered claim, whether or not pursued by a plaintiff, and predicated on the same facts as the common law claims. Motion, at p. 3. This contention is false.

    a. <u>All of Plaintiff's common law claims against Long and Aycock are predicated on the same underlying facts as Plaintiff's TCHRA claims against ADESA.</u>

As an initial matter, Plaintiff makes a stilted argument that her claims against Aycock and Long are premised on a different set of facts from her claims against ADESA. Put another way, Plaintiff's argument is that she asserts different claims against Long and Aycock than she asserts against ADESA. Motion, at p. 5. Plaintiff's argument is misplaced because the issue is not whether there are different causes of action against the individual defendants, rather, whether the common law theories are "predicated on the same underlying facts as the TCHRA claim." *Id.* at 813. Based on the plain language in Plaintiff's Original Petition ("Petition"), every cause of action against every Defendant is premised on the same, underlying facts as the TCHRA claims against ADESA, and Plaintiff incorporates by reference the same set of facts to support every

claim she makes against every Defendant. Petition, at ¶¶ 9-26, 31-64. Nowhere in her Petition does Plaintiff attempt to differentiate the *factual bases* of her claims against ADESA from the claims against Long and Aycock. Considering that the question of removal jurisdiction is resolved by looking at the complaint at the time the petition for removal is filed, and not by Plaintiff's counsel's attempt to reframe her pleadings in briefing, Plaintiff's argument is unpersuasive. *Claybaugh v. Bank of Am., NA*, No. 3:12-CV-2587-L, 2013 U.S. Dist. LEXIS 45341, * 5 (N.D. Tex. Mar. 29, 2013) (the question of whether jurisdiction exists is resolved by looking at the complaint at the time the petition for removal is filed.).

> b. *Another Court in the Northern District of Texas has expressly adopted Defendants' position that Waffle House preempts the claims against the individual defendants.*

Contrary to Plaintiff's contention that Defendants' arguments are objectively unreasonable, and premised on misstatements of case holdings (Motion, at pp. 4, 10), the Hon. Sam Cummings has adopted Defendants' preemption argument in a factually similar case. *See Cristan v. Bayer CropScience and Teddy L. Willis*, Civil Action No. 5:10-CV-119-C, In the U.S. District Court for the Northern District of Texas, Lubbock Division. In that case, plaintiff sued his employer for race discrimination under the TCHRA, negligent retention, negligent supervision, and gross negligence, and included slander and libel *per se*, negligence, and gross negligence claims against an individual defendant. Among other things, plaintiff alleged the individual defendant made offensive and racially charged statements to the plaintiff and others that constituted slander *per se*. A courtesy copy of the First Amended Petition in that case is included in the concurrently filed Appendix.

The defendant removed, alleging improper joinder based on *Waffle House's* preemption of the claims against the individual defendant, and plaintiff moved to remand. Denying the motion to remand, the Court held, "Like Plaintiff's other common law claims, Plaintiff's claims

for defamation *per se* arise from the same set of facts as his TCHRA employment discrimination claims against his employer. Thus, according to *Waffle House, Inc.*, those claims are preempted." Based on the same reasoning, the Court found the negligence claims against the individual defendant were preempted by *Waffle House*. Order, at p. 7.

The Court agreed *Waffle House* could not be narrowly construed to prohibit the preemption of claims against individual defendants, and that the adoption of plaintiff's position would be tantamount to the imposition of TCHRA liability on individual defendants, which would contravene existing law. *City of Austin v. Gifford*, 824 S.W.2d 735, 742 (Tex. App. – Austin 1992, no writ) ("The [TCHRA] does not create a cause of action against supervisors or individual employees."). A courtesy copy of the Order denying remand, as well as the defendants' removal, is included in the Appendix.

Defendants urge the Court to adopt Judge Cummings' application of *Waffle House* to preempt Plaintiff's common law claims against Long and Aycock that are clearly premised on the same set of underlying facts as Plaintiff's TCHRA claims against ADESA.

3.  **THERE IS NO REASONABLE BASIS TO CONCLUDE PLAINTIFF COULD PREVAIL ON HER SLANDER CLAIM AGAINST LONG AND AYCOCK.**

Plaintiff's contention Defendants are attempting to argue success on the merits, as opposed to improper joinder, is misplaced. Motion, at p. 6. As noted by the *Cristan* court in its Order denying remand, an evaluation of a defamation claim for the purpose of improper joinder is wholly appropriate.

Defamation claims must specifically state the time and place of the publication, as well as the content, speaker, and listener. *Jackson v. Indep. Sch. Dist.*, No. 3:98-CV-1079-D, 1998 U.S. Dist. LEXIS 10328 * 13-14 (N.D. Tex. July 2, 1998). Whether a statement is reasonably capable of a defamatory meaning is initially a question of law for a court. *Musser v. Smith Protective*

*Serv., Inc.*, 723 S.W.2d 653, 654 (Tex. 1987). There is no reasonable basis to conclude Plaintiff could prevail on her slander claim against Long and Aycock.

First, in her Motion, Plaintiff contends Long and Aycock called her a "racist," and this alleged comment forms the basis of her slander *per se* claim. Motion, at p. 6. Plaintiff's Petition, as well as the EEOC Charge referenced therein, contain no such allegation. To the contrary, Plaintiff's Petition asserts that, "Long and Aycock went to Human Resources and falsely accused Plaintiff of, among other things, *making racist comments*." Petition, at ¶ 19 (emphasis added). Nowhere in her Petition does Plaintiff allege any Defendant called her a "racist," much less does Plaintiff provide any specifics of the alleged statements by Long and Aycock. In fact, in her EEOC Charge referenced in her Petition, Plaintiff contends only Aycock, not Long, accused Plaintiff of making racist statements. Setting aside the fact Plaintiff was not present to hear any such allegations, and provides no specifics thereof, the mere expression of a personal opinion that someone else has made racist comments is insufficient as a matter of law to constitute a slander *per se* claim. *Miller v. Bunce*, 60 F. Supp. 2d 620, 626-27 (S.D. Tex. 1999) (personal opinions of colleagues in the workplace are protected free expression).

Second, Plaintiff fails to address the fact the alleged complaints are based on hearsay because she never heard them. In her Petition, Plaintiff specifically admits "nothing was done to determine the veracity of the statements," and "ADESA did not give Plaintiff an opportunity to defend herself." Petition, at ¶¶ 21-22. As noted in its Notice of Removal, a slander claim cannot be based on hearsay.

Third, Plaintiff fails to address the fact the claims, based on Plaintiff's allegations, are barred by a qualified privilege. It is undisputed that communications made during the course of an investigation following a report of employee wrongdoing, if made to a person having an

interest in or duty regarding the investigation, are privileged. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995). Likewise, accusations or reports of wrongdoing made by an employee against another employee, if made to a person having an interest in or duty regarding the conduct of employees, are privileged. *Bergman v. Oshman's Sporting Goods, Inc.*, 594 S.W.2d 814, 816 (Tex. Civ. App. — Tyler 1980, no writ). Here, Plaintiff contends Long and Aycock complained about Plaintiff to Human Resources. As they have a privilege to do so, and Human Resources has an interest or duty regarding the conduct of employees, the privilege applies.

4. **THERE IS NO REASONABLE BASIS TO CONCLUDE PLAINTIFF COULD PREVAIL ON HER TORTIOUS INTERFERENCE CLAIM AGAINST LONG AND AYCOCK.**

Plaintiff's contention in her Petition that Long and Aycock acted "to cost Plaintiff her job, which it did," and therefore, acted in their own interest and against ADESA's interest, does not and cannot establish a reasonable possibility of recovery on the claim to prevent removal. Petition, at ¶ 25. The Fifth Circuit recently addressed this issue in the improper joinder context in *Mumfrey v. CVS Pharm., Inc.*, No. 12-40419, 2013 U.S. App. LEXIS 11669 (5th Cir. June 10, 2013). In that case, plaintiff sued his employer and several managers alleging, among other things, tortious interference with an existing contract. Defendants removed the case and asserted improper joinder, and the Court denied Plaintiff's motion to remand. Following a bench trial, plaintiff appealed the removal decision.

Analyzing the trial court's improper joinder decision with respect to the tortious interference claim, and specifically with respect to the requirement that plaintiff demonstrate the agent acted willfully and intentionally to serve the agent's personal interests at the corporation's expense, the Fifth Circuit, relying on Texas Supreme Court law, noted that, "If a corporation does not complain about its agent's actions, then the agent cannot be held to have acted contrary

to the corporation's interests," as required to maintain the cause of action. *Id.* at * 26-27, citing *Morgan Stanley & Co. v. Tex. Oil Co.,* 958 S.W.2d 178, 181-82 (Tex. 1997). Here, as in that case, Plaintiff's failure to show ADESA complained about Long and Aycock's alleged complaints about Plaintiff to Human Resources renders the joinder of Aycock and Long improper. *Mumfrey,* 2013 U.S. App. LEXIS 11669, at *27-28 (plaintiff's failure to show employer complained about its agent's actions, for purposes of establishing the agent acted willfully and intentionally to serve the agent's personal interests at the corporation's expense, supported finding of fraudulent joinder.).

5. **THERE IS NO REASONABLE BASIS TO CONCLUDE PLAINTIFF COULD PREVAIL ON HER CONSPIRACY CLAIM AGAINST LONG AND AYCOCK.**

Plaintiff's Motion fails to address Defendants' arguments that Plaintiff, as a matter of law, cannot prevail on a conspiracy claim against Long and Aycock and, therefore, removal is proper. Notice, at pp. 11-12. For this reason, Defendants assume their position is uncontested for purposes of establishing improper joinder.

6. **IN THE EVENT OF A REMAND, THERE IS NO BASIS FOR AN AWARD OF COSTS AND FEES AGAINST DEFENDANTS.**

As discussed herein, another Court within the Northern District of Texas has adopted the same *Waffle House* preemption arguments made by Defendants in their Notice of Removal. For this reason alone, Plaintiff cannot establish Defendants lacked an objectively reasonable basis for removal. Further, as demonstrated herein, Defendants have made rational arguments for removal based on existing case law, thereby negating a finding of objective unreasonableness. Finally, Plaintiff's contention she should be awarded fees and costs because Defendants allegedly made "summary judgment arguments" is unfounded. Pursuant to *Smallwood,* the Court is permitted to scrutinize a plaintiff's allegations to determine whether joinder was improper. Numerous courts have taken this approach to determining improper joinder; accordingly, Defendants' arguments

cannot serve as the basis for a fee and cost award. *See, e.g., Mumfrey*, 2013 U.S. App. LEXIS, at * 24-28 (trial court did not err in conducting analysis of tortious interference allegations and elements to determine improper joinder of individual defendants); *Weber Paradise Apts., LP v. Lexington Ins. Co.*, No. 3:12-CV-5222-L, 2013 U.S. Dist. LEXIS 72892 (N.D. Tex. May 23, 2013) (court denied motion to remand after it analyzed plaintiff's allegations and found "no factual fit between the unclear and conclusory allegations in the Petition and Plaintiff's theories of recovery."); *Duran v. Wal-Mart Assoc., Inc.*, No. 4:12-CV-809-A, 2013 U.S. Dist. LEXIS 33553 (N.D. Tex. Mar. 11, 2013) (denying plaintiff's motion to remand, court applied 12(b)(6) standard to allegations in plaintiff's 24-page petition, and found no allegations of fact to support a conclusion that plaintiff had a right of recovery).

## CONCLUSION AND PRAYER

As alleged in her Petition, Plaintiff's common law claims against Long and Aycock are premised on the same set of underlying facts as her TCHRA claims against ADESA. For this reason, the claims are preempted as a matter of law under *Waffle House*, and Long and Aycock have been improperly joined. Even if the Court is unwilling to adopt this argument, Defendants have established the Court has no reasonable basis to predict that state law might impose liability on the facts involved. At best, Plaintiff's allegations establish nothing more than a merely theoretical possibility of recovery, which is insufficient to defeat improper joinder. Finally, in the event of a remand order, Defendants have conclusively established objectively reasonable bases for their removal arguments, rendering an award of fees and costs inappropriate.

For the reasons set forth in their Notice of Removal and herein, Defendants respectfully request the Court enter an order denying Plaintiff's Motion to Remand, dismissing Long and Aycock as improperly joined, and awarding any further relief to which Defendants may be entitled.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**


By: /s/ Alicia Sienne Voltmer
ALICIA SIENNE VOLTMER
Texas State Bar No. 00797605
alicia.voltmer@olgletreedeakins.com
HEIDI C. HARRISON
Texas State Bar No. 24074370
heidi.harrison@ogletreedeakins.com

500 Preston Commons West
8117 Preston Road
Dallas, Texas 75225
(214) 987-3800
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANTS
ADESA, INC. AND LUCIANA AYCOCK**

### CERTIFICATE OF SERVICE

This is to certify that on July 17, 2013, I electronically transmitted the foregoing document to the Clerk of Court using the ECF system of filing, which will transmit a Notice of Electronic Filing to all counsel of record.

/s/ Alicia Sienne Voltmer
ALICIA SIENNE VOLTMER

15429266.1