IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHRISTINA PATTON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | 3:13-CV-2402-M |
| ADESA TEXAS, INC., ANESIA LONG | § | |
| and LUCIANNA AYCOCK, | § | |
| | § | |
| Defendants. | § | |
| | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the Motion to Remand [Docket Entry #5] filed by Plaintiff Christina Patton. After considering the parties' arguments and applicable law, the Court GRANTS Plaintiff's Motion.

**I. PROCEDURAL HISTORY**

Patton, a former employee of Defendant ADESA, filed suit against ADESA for discrimination under the Texas Commission on Human Rights Act (TCHRA). Patton also asserted claims for slander, defamation, tortious interference with existing contracts, and conspiracy against her co-workers, Anesia Long and Lucianna Aycock, claiming they falsely accused Patton of making racist remarks to have her terminated. *See Pl.'s Orig. Pet* at ¶ 19. ADESA removed, arguing the Court should ignore the citizenship of Long and Aycock because their joinder was improper and done solely to destroy diversity. Plaintiff contends this action should be remanded to state court because the joinder was proper and there is a lack of compete diversity between Patton and Defendants.

## II. ARGUMENTS AND AUTHORITIES

### A. Standards Governing Removal Jurisdiction

A party may remove a state case to federal court if the federal court would possess original subject-matter jurisdiction. 8 U.S.C. § 1441(a), 28 U.S.C. § 1445. A case removed on the basis of diversity jurisdiction may remain in federal court despite the presence of non-diverse defendants if the removing defendant shows that the non-diverse defendants were improperly joined. *Salazar v. Allstate Texas Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006). Removal jurisdiction raises federalism issues, so removal statutes are strictly construed in favor of remand. *Jackson v. Wal-Mart Stores Tex., LLC*, 2013 U.S. Dist. LEXIS 33627, at *2 (N.D. Tex. Feb. 25, 2013) (Godbey, J.).

Defendants are considered improperly joined when there is no reasonable possibility that a plaintiff will be able to establish a cause of action against them. *Smallwood v. Illinois Cent. R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004). To determine "whether the complaint states a claim under state law against the in-state defendant," the court "may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint." *Id.* All factual allegations are considered in the light most favorable to the plaintiff, and contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Industries, Inc.,* 434 F.3d 203, 308 (5th Cir. 2005). "The burden of persuasion on those who claim ... [improper] joinder is a heavy one." *Travis v. Irby,* 326 F.3d 644, 649 (5th Cir. 2003).

While the Fifth Circuit has not provided definitive guidance on the issue, this Court has determined that it must review a plaintiff's complaint under the pleading standard of the state court in which it was brought. *See Yeldell v. GeoVera Specialty Ins. Co.,* No. 3:12–

CV–1908–M, 2012 WL 5451822, at *4–5 (N.D. Tex. Nov. 8, 2012) (Lynn, J.); *Progressive Island, LLC v. Scottsdale Ins. Co.*, 3:13-CV-741-M, 2013 WL 6065414 (N.D. Tex. Nov. 18, 2013) (Lynn, J.). Texas state courts liberally construe a petition in the plaintiff's favor. *Id*. at 897; *Lone Star Air Sys., Ltd. v. Powers*, 401 S.W.3d 855, 861 (Tex.App.—Houston 2013, no pet.). Additionally, Texas courts look to the plaintiff's intent and uphold a petition, even if the plaintiff has not specifically alleged some element of a cause of action, by supplying every fact that can be reasonably inferred from what the plaintiff specifically stated. *Boyles v. Kerr*, 855 S.W.2d 593, 601 (Tex. 1993); *Lone Star*, 401 S.W.3d at 861.

Because the Court knows of no basis for concluding there is any fraud in the joinder of Aycock and Long, it must determine whether Patton has any possibility of recovery against Aycock and Long based on the allegations in her Petition. *See Smallwood*, 385 F.3d at 573.

### III. DISCUSSION

#### A. Patton's Common Law Claims Against Long and Aycock

Defendants contend that Patton cannot succeed on her slander, defamation, or tortious interference claims against Long and Aycock, because the Texas Supreme Court's decision in *Waffle House, Inc. v. Williams* bars those claims as a matter of law. 313 S.W.3d 796 (Tex. 2010). In *Waffle House*, the court considered the issue of whether a plaintiff could recover on a negligence claim, concluding that because "the alleged negligence is rooted in facts inseparable from those underlying the harassment," the common law claims could not survive. *Id*. at 799.

Defendants argue that Plaintiff's Original Petition establishes that every cause of action against each Defendant is premised on the same underlying facts as are the TCHRA

claims against ADESA. *Pl.'s Orig. Pet.* at ¶ 9-26, 31-64. Patton asserts that her claims against Aycock and Long are premised on a different set of facts from those supporting her claims against ADESA. *Mot.* at 5.

Defendants read *Waffle House* too broadly. *Waffle House* held that conduct forming the basis of a statutory TCHRA claim against an employer cannot also form the basis of common law negligence claims against the same employer. *Waffle House*, 313 S.W.3d at 809. Yet that rule applied to the *employer*; there is nothing in *Waffle House* that bars a plaintiff from also asserting intentional torts against individuals. *Id.* at 803 ("The issue before us, however, is not whether Williams has a viable tort claim against a coworker.").[1]

### B. Whether Plaintiff Could Prevail On Her Slander Claim

Defendants argue that the mere expression of a personal opinion that someone else has made racist comments is insufficient as a matter of law to constitute slander *per se*. *See Miller v. Bunce*, 60 F. Supp. 2d 620, 626-7 (S.D. Tex. 1999). While critical evaluations solicited from employees can be personal opinions, that holding does not immunize employees who make false accusations without a factual basis.[2] In other words, *Miller* protects as free expression an employee's potentially damaging evaluation of a co-worker, but not outright lies intended to harm a co-worker.

---

[1] Defendants' reliance on *Woldetadik v. 7-Eleven, Inc.*, 881 F. Supp. 2d 738, 743-44 (N.D. Tex. 2012) (Lindsay, J.) and *Alexander v. Grand Prairie Ford L.P.*, 2007 U.S. Dist. LEXIS 39438, *35-36 (N.D. Tex. May 31, 2007) (Kinkeade, J.) is misplaced. In those cases, the plaintiffs alleged claims only against the employer, not other employees. Defendants also rely on another case in this court, *Cristan v. Bayer CropScience and Teddy L. Willis,* Civil Action No. 5:10-CV-119-C (September 13, 2010) (unpublished). However, in *Cristan*, Judge Cummings did not hold that *all* claims against co-workers are preempted by the TCHRA or *Waffle House*, but if the *Cristan* holding were to be interpreted that way, the Court would respectfully disagree with that conclusion.

[2] Statements made by university faculty members that a fellow professor was "litigious," that he had poor teaching evaluations, that he lacked appropriate skills, and that one faculty member could no longer work with him, were not defamatory. *Id*. at 627. That is different from calling a person a racist.

Additionally, Defendants contend Patton cannot succeed on her slander claims because Patton's "allegations are based on hearsay . . . ." *Id.* at 622-23. However, at the pleading stage, Patton has had no discovery, and Defendants have not shown that there is no possibility of recovery by Patton against Long or Aycock. *See Claybaugh,* 2013 U.S. Dist. LEXIS 45341, at *4-5 (quotation omitted). The hearsay issue is irrelevant at this juncture.

Defendants also argue that the alleged statements by Aycock and Long are protected by a qualified privilege that attaches to communications made in the course of an investigation following a report of employee wrongdoing. *See Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995); *see also Bergman v. Oshman's Sporting Goods, Inc.,* 594 S.W.2d 814, 816 (Tex.Civ.App—Tyler 1980, no writ). But to invoke the privilege as to a fact statement, the defendant must establish that the allegedly defamatory statement was made without malice. *Bergman,* 594 S.W.2d at 644*; Randall's Food Markets*, 891 S.W.2d at 646. If Patton's allegations are proven, there would be no qualified privilege because the statements were allegedly made maliciously.

### C. Patton's Tortious Interference With Contract Claims Against Long and Aycock

Defendants next contend that Patton cannot recover on her tortious interference with contract claims against Long and Aycock, relying on the Fifth Circuit's recent decision in *Mumfrey v. CVS Pharmacy, Inc.* 2013 U.S. App. LEXIS 11669 (5th Cir. June 10, 2013).[3] Because Defendants have failed to demonstrate that Patton's other claims raise

---

[3] Defendants also cite to *Martin v. Kroger Co.*, 65 F. Supp. 2d 516 (S.D. Tex. 1999). In dicta, the court suggested that the plaintiff's tortious interference with contract claims might be untenable as a matter of law, insofar as they were "a restatement of her employment discrimination claim . . . ." *Id*. at 562. Here, Patton's claims against Long and Aycock are distinguishable from her claims against ADESA.

5

no possibility of recovery by Patton against Long or Aycock, the Court does not reach the issue of whether the claim will ultimately survive.

### D. An Award of Costs and Fees is Not Appropriate

Patton argues that Defendants should pay her costs, expenses and attorney fees, incurred" due to the improper removal. *See Richard v. Time Warner Cable Media, Inc.*, 2013 U.S. Dist. LEXIS 80818, at *14 (N.D. Tex. June 10, 2013) (Lynn, J.). While the Court ultimately disagrees with the propriety of removal, an award of costs and fees is not appropriate, especially because a germane case in the Northern District of Texas found improper joinder. *See supra* n.1.

* * *

The Court GRANTS Plaintiff Christina Patton's Motion to Remand, and remands this case to the 422nd District Court in and for Kaufman County, Texas. All costs are taxed to the party incurring same.

**SO ORDERED**.

December 4, 2013.

*[signature]*
**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**

6